UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | |
|---|---|
| George Logue, | ) CIVIL ACTION |
| | ) |
| | ) CASE NO._____ |
| Plaintiff | ) COMPLAINT FOR DAMAGES |
| | ) Civil Rights Violation – Malpractice |
| Vs | ) Breach of Contract, Failure to |
| | ) Follow Client's Instructions |
| Sidney Beserosky, | ) |
| | ) UNLIMITED CIVIL CASE |
| Defendant | ) |

Comes now the plaintiff, responding to the misrepresentation and Breach of Contract of defendant.

FIRST CAUSE
(Civil Rights Violation -- Legal Malpractice)

Plaintiff alleges:

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Defendant Beserosky is a registered attorney in the state of Massachusetts, and a familiar figure in the District Court of New Bedford, Massachusetts where he has provided legal services to clients for many years. Defendant Beserosky, is a member of the Massachusetts Bar, a practicing attorney, and maintains an office at 13 S. 6th Street, New Bedford, Massachusetts.
3. Defendant Beserosky, and at all times herein mentioned was working on cases within the District Court of New Bedford, of the Commonwealth of Massachusetts. Plaintiff is informed and believes, and thereon alleges that defendant Beserosky is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by his conduct.

1

Juridiction

4. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. in so far as defendant Bescrosky was one, in a series of defendant's in which plaintiff's Civil Rights were violated. By conspiring and then by failing to diligently perform his duties, as he had presented and sold them to plaintiff, under duress, he contributed to and permitted the Civil Rights violations to continue.

5. Plaintiff beseeches this court in order that an impartial forum be available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date.

Facts

6. On July 24, 1997, plaintiff had been assaulted by his father, who then lied to authorities regarding the incident. As a result plaintiff was falsely arrested and imprisoned (Please refer to related complaint, No.1:4-cv-10270-GAO). Plaintiff's father, the same that had assaulted the plaintiff himself, contacted defendant Beserosky, supposedly to assist plaintiff. Plaintiff's father informed defendant Bescrosky of his version of the incident and directed him to approach plaintiff and offer his services. Unbeknownst to plaintiff, that defendant Beserosky's services had been tainted by the fact of his conversation with an opposing party, plaintiff entertained the idea of engaging the defendant's services. Plaintiff, imprisoned without bail, and lead to believe that his best chance at being justly freed was to engage the services of defendant Bescrosky, did so under duress. Plaintiff informed defendant Beserosky of his innocence, the incident, and specifically directed him to inform the court of the true nature of events that had transpired. However despite plaintiff's instructions, defendant Beserosky failed to do as directed; to inform the court of the falsely recorded details pertaining to who had actually been assaulted, and resulting in the false arrest. In deceptively representing himself, defendant violated the Massachusetts Consumer Protection Act. Further, by not carrying out instructions, defendant breached his contract. Plaintiff's attempts in the courtroom, over his attorney's fraudulent representation, were futile as the defendant then went on to discuss with the assistant D.A., and Presiding Justice, what the best course of action was based on the falsely recorded events and inherent false arrest. This involved verbal and non-verbal communication between defendant Presiding Justice, the assistant D.A., and defendant Bescrosky, and each of them, who conspired in court, based on the falsely recorded events, about plaintiff's destiny thereby violating 42 U.S.C.S. 1985(3). Defendant Beserosky, willfully and maliciously misinformed plaintiff that it was in his best interest to go along with the courts 'recommendation' and orders. Defendant ignored objections and arguments of plaintiff and further breached his duty by allowing the court, without having found him guilty of any crime, to continue the case based on, "sufficient facts found but continued without a finding until (as noted on docket sheet)," when, in fact there were no such facts found. Defendant Beserosky further exacerbated these violations by maliciously and oppressively failing to act on his client's behalf by then allowing the court to order, an unneeded psychiatric evaluation at the state hospital.

2

7. On August 18, 2004, Defendant Beserosky further compounded these violations by maliciously and oppressively allowing the court require plaintiff to continue treatment under the guise of the Commonwealth's Office of Health and Human Services. By committing these acts, defendant Beserosky, violated profesional codes of moral and ethical conduct under the Massachusetts Bar Association and aided and abetted in denying plaintiff of his civil liberties, by acting under color of state law 42 U.S.C.S. 1983 (1988).
8. As a proximate result of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, peers have since ostracized plaintiff, and his overall good reputation in the community is threatened, all to his damage.
9. Further, as a proximate result of the acts of the defendant Beserosky, plaintiff was deprived of his personal liberty, and suffered great pain and anguish of the mind. By reason of the acts of the defendant, plaintiff was injured in his stature, health, and activity, and suffered humiliation, all to his damage.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

2-18-04

*[signature]*

3

George Logue
General Delivery
Boston, Massachussets 02205



February 18, 2004

VIA HAND DELIVERY

Clerk Of The Court
United States District Court, Region 1
One Courthouse way
Boston, Massachusetts

RE: Additional Complaint

Dear Sir/Madam:

Please find enclosed for filing, a draft of one additional complaint;

    (1) COMPLAINT FOR DAMAGES Civil Rights Violation – Legal Malpractice
        Attorney at Law, Sydney Beserosky,

which was to have accompanied the following complaints filed last week.

    COMPLAINT FOR DAMAGES Civil Rights Violation –
    Dartmouth Police Department
    Case No. 1:04-cv-10270-GAO

    COMPLAINT FOR DAMAGES Civil Rights Violation –
    District Court of New Bedford under the Commonwealth of Massachussets
    Case No. 1:04-cv-10271-GAO

    COMPLAINT FOR DAMAGES Civil Rights Violation – Medical Malpractice,
    Taunton State Hospital under the Commonwealth of Massachussets' Executive Office
    of Health and Human Service
    Case No. 1:04-cv-10272-GAO

Thank you for your attention in this matter.

                        Very truly yours,

                        George Logue