```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

GEORGE LOGUE,                 )
          Plaintiff,          )
                              )
     v.                       )  C.A. No. 04-10342-GAO
                              )
SIDNEY BESEROSKY,             )
          Defendant.          )
```

MEMORANDUM

For the reasons stated below, plaintiff is advised that this action is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

BACKGROUND

Plaintiff George Logue brings this action against Massachusetts attorney Sydney Beserosky seeking monetary damages for injuries plaintiff allegedly sustained while represented by defendant in state court. See Complaint. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983, 1985(3); and pendent state law claims for legal malpractice and breach of contract. Id.

REVIEW

Because plaintiff filed this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28

authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees, at any time, if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2).  <u>In forma pauperis</u> complaints may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Id.</u>; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

To the extent plaintiff brings his claim pursuant to Section 1983, his claim is subject to dismissal.  A defense attorney, whether court-appointed or privately retained, represents only his client, not the state.  <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981).  Thus, a defense attorney does not act under "color of state law," which is a critical element of a Section 1983 action.  Since defendant Beserosky is not a state actor, he may not be sued under Section 1983.

Moreover, to the extent plaintiff brings his claim pursuant to Section 1985(3), his claim is subject to

dismissal.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)). Section 1985 of title 42 concerns conspiracies to violate civil rights.  Because plaintiff has failed to allege facts that indicate that the defendant was motivated by any class-based, invidiously discriminatory animus, plaintiff's claim under Section 1985(3) is subject to dismissal.  <u>Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico</u>, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); <u>see</u> <u>Romero-Barcelo v. Hernandez Agosto,</u> 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); <u>accord</u> <u>Slotnick v. Staviskey</u>, 560 F.2d 31, 33 (1st Cir. 1977).

    Finally, because plaintiff's complaint fails to state a claim under federal law, grounds no longer exist for federal subject matter jurisdiction over plaintiff's state law claims. Under 28 U.S.C. § 1367, "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); <u>see</u> <u>Claudio-Gotay v.</u>

Becton Dickinson Caribe, Ltd., 375 F.3d 99, 104 (1st Cir. 2004) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

## CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after thirty-five (35) days from the date of the accompanying Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 29th day of September, 2004.

> s/ George A. O'Toole, Jr.
> GEORGE A. O'TOOLE, JR.
> UNITED STATES DISTRICT JUDGE