UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  | CIVIL ACTION |
|---|---|---|
| George Logue | ] | Case No. 04-10342-GAO |
|  | ] |  |
| Plaintiff | ] |  |
|  | ] |  |
| v. | ] |  |
|  | ] |  |
| Sydney Beserosky | ] |  |
|  | ] |  |
| Defendant | ] |  |

### PLAINTIFF'S RESPONSE TO
### COURT ORDER AND MEMORANDUM

Plaintiff respectfully offers the following response to show good cause why the Court's findings, pursuant to U.S.C. § 1915 (e) (2) and regarding dismissal, should not be implemented. This response refutes those issues cited by the Court and provides reason why the complaint should not be dismissed, but rather, granted permission to proceed with any necessary amendments pursuant to Fed. R. Civ. P. 15 (a).

### RELEVANT HISTORY

On February 18, 2004, plaintiff filed his own action claiming violations of his civil rights along with the alleged malpractice and breach of contract of Sydney Beserosky in New Bedford District Court. Plaintiff alleges that defendant Beserosky, in failing to properly represent him, and acting alongside state actors, failed to protect and defend plaintiff against false and defamatory charges. Plaintiff would amend to the complaint that this severely damaged his reputation and imposed a stigma that has interfered with his ability to take advantage of employment opportunities.

On September 29, 2004, Justice O'toole issued a 4-page memorandum and an order concluding that the complaint is subject to dismissal pursuant to several statutes, including 29 U.S.C. § 1915 (e) (2), and sections 1983 and 1985 of Title 42. Plaintiff believes the citations by Justice O'toole run contrary to other rulings that support private actors being sued under the color of state law.

DISCUSSION

First and foremost, the complaint should not be dismissed because this defendant conspired and violated plaintiff's rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment, and a panoply of other rights arising under the Constitution, by failing to defend him from false accusations leveled against him. In doing so, defendant permitted the Court to falsely imprison him, and thus aided in denying him of his civil liberties by acting under color of state law, 42 U.S.C. § 1983(1988).

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The Court's concern is noted that a section 1983 claim does not lie absent some state action. Where a private individual is a defendant in a section 1983 action, there must be a showing that the private party and the state actor jointly deprived plaintiff of his rights. Plaintiff has alleged that the Judge, the D.A., and the defendant, were allegedly conspiring and acting under color of state law to deprive plaintiff of his rights. Although a private individual may not typically be amenable to suit under § 1983, this defendant acted "under color of law" as a willful participant in a joint activity with the state and it's agents. Howard v. Malac, 270 F. Supp. 2d 132. Further, by acting in a conspiracy with a government official, the defendant is also open to action under section 1983 even if this Court's final disposition is that the state or it's officials may seek relief in the form of immunity. Dennis v. Sparks, 449 U.S. 24, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980).

Without argument this Court has jurisdiction over this matter pursuant to title 42 U.S.C. in so far as defendant Beserosky, and the other parties named in the related complaints, both upstream and downstream of the Trial Court, were several in a series of defendants, in which plaintiff's civil rights were violated. By failing to diligently perform their duties, and abusing their position, while plaintiff was under duress, each of them contributed to and permitted the Civil Rights violations to continue. The violations merit being addressed. And, for the reasons cited above, generally, the complaint should not be dismissed.

Regarding parity, the complaint should not be dismissed for the following reason. The complaint, though yet to be revised, alleges that defendant's actions clearly indicate an abuse of process leading to malicious prosecution on his part. By taking an active part, by sanction and omission, and in continuing and allowing the continuation of criminal proceedings himself, allowing plaintiff to be falsely imprisoned, defendant violated Restatement (second) Torts § 655, and is subject to the same liability for malicious prosecution as those defendants named in the related complaints; defendants whose case files have been issued orders to serve them their respective complaints. That is, plaintiff believes that defendant Beserosky was just another link in the chain of custody of events that transpired, and therefore is subject to the same liability as if he had originally initiated the proceedings himself, Mitchell v. City of Boston, 130 F. Supp 2d 201, (2001).

Dismissing complaints against any of the related entities, characterized here as equally responsible under Restatement (second) Torts § 655, is contradictory in nature; particularly where the Court has already issued Orders for some of the defendants in the related complaints to be served. . To otherwise permit, or to release some of the entities, according to the memorandum's cited construction, draws an illogical distinction between sins committed by the county and city officials on one hand, and those committed by state officials, and the private actor in this instance, on the other.

Finally, and regarding the nature of the claim pursuant to section 1985(3), plaintiff has alleged facts indicating several defendants deprived him of his civil liberties. While he has not listed all of the specific reasons (in the complaint) that may have motivated these people, based on the facts and events described, the allegations go beyond simply being conclusory. If plaintiff comprehends the statutes and the Court's concern, a trial worthy section 1985(3) conspiracy claim requires sufficient evidence that a class-based discrimination motivated the alleged conspirators. Plaintiff asserts that a more detailed characterization of himself, at the appropriate time, will support other factors motivating defendants to conspire as described in the related complaints. As a "qualified individual," under title II of the ADA, plaintiff submits that deprivation of his rights was, at least partially class-based. Clarifying the complaint, as in the first paragraph of this discussion, and alleging that the defendant and agents of the trial court denied plaintiff equal protection of the law, is sufficient to withstand a motion to dismiss where the complaint specifies one of the conspirtors. <u>Milner v. National School of Health Technology</u>, 409 F. Supp. 1389 (E.D. Pa. 1976). Therefore, the section of the claim based on § 1985(3) allegations should not be subject to dismissal. As a civil action, and considering the "players" involved, plaintiff alleged § 1985(3) because it seems to best characterize the violations of these string of players in each of the related complaints. The uncertainty surrounding additional motivating factors is that it is unclear that other criminal or corrupt intent did not exist. If plaintiff understands correctly, conspiracy is a specific "intent" crime requiring the intent to advance some unlawful objective of the conspiracy. Where specific intent is not required under § 1983, plaintiff made the § 1985(3) allegation to describe the defendant's intent with minimal reference to his class-based characterization, and while also considering further criminal allegations in the complaint. This does not indicate they did not exist, and he will encompass further allegations to include violations of 18 U.S.C. §§ 241-242.

In conjunction with the related complaints, plaintiff asserts that it is evident the allegations are meritous and that the motivation existed both under the color of law and pertaining to the criminal deprivation of rights. The later statute applies to both private individuals and public officials. <u>U.S. v. Price</u> 383 U.S. 787, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966). While he has attempted to show that there was an understanding amongst the conspirators, plaintiff asserts that the existence of the conspiracy can be inferred from the facts provided and the circumstances that existed. An inference of understanding or an agreement, can be made where the particular actions, performed together, were unlikely to have been accomplished by the actors without such an understanding or agreement. Both Markey and Beserosky had worked in the trial court for years. Their paths crossed numerous times, if not frequently, while in each other's presence generally in court, and specifically while working on common cases. Each of them were well educated in the law and had many years of experience practicing the law in the context of local rules, habits of the trial court personnel, and any unorthodox patterns in behavior or events which typically characterize any specific environment. Plaintiff reasserts there is evidence of joint

discriminatory action between these defendants, not to mention among the other "players" whom plaintiff has filed related complaints. Therefore, plaintiff believes that the claim based on § 1985(3), and coupled with these further allegations mentioned and discussed above, would withstand any motion for summary judgment and therefore it should not be subject to dismissal.

If the Court finds that plaintiff has provided sufficient argument to state the claim under federal laws, then it follows that grounds do exist for the Court to exercise pendent jurisdiction over the state law claims, under 28 U.S.C. § 1367 (c).

## CONCLUSION

Based on the foregoing discussion, plaintiff believes the complaint is worthy of due process and that subject to the discretion and final decision of this Court, that it should not be dismissed, but rather be permitted to be amended and, and if approved, served on the defendant.

Wherefore, plaintiff prays that the complaint not be dismissed, and that it may please the Court to issue a ruling that may allow the complaint to go forward.

Respectfully submitted,

November 3, 2004                                    _____