UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



|  |  |
|---|---|
| George Logue | CASE NO 04-10342- GAO |
| Plaintiff |  |
| v. |  |
| Sydney Beserosky |  |
| Defendant |  |

CIVIL ACTION

### PLAINTIFF'S MEMORANDUM OF LAW
### SUPPORTING HIS MOTION FOR RECONSIDERATION

Plaintiff submits this Memorandum to this Honorable Court in support of his Motion For Reconsideration of the court's ruling and order of. March 31, 2005.

### Background

On September 29, 2004 this court issued a memorandum advising this claim was subject to dismissal. On November 3, 2004 plaintiff had responded (docket item 8) to this court's notice (docket item 6, 09/29/04). On March 31, 2005 and despite the arguments presented by plaintiff, the district court dismissed the complaint. Plaintiff respectfully submits the Motion for Reconsideration and this Memorandum of Law where he believes this district court's decision and ruling are, at least premature. May it please this court, recent submittals by plaintiff in response to the court's orders in the related cases, including the submittal of minimal material evidence obtained without discovery, further support this complaint pursuant to 42 U.S.C. § 1983 and 1985. Subject to modifications; and based on the arguments below, plaintiff would request this complaint be allowed to proceed. The memo now turns to supporting plaintiff's request and Motion for Reconsideration of the court order.

1

### Deference Afforded Plaintiff under Rule 12(b)

This Honorable Court screened the complaint pursuant to 28 U.S.C. § 1915 and dismissed it for lack of an arguable claim. Plaintiff is unsure if it was afforded the same consideration as a motion under a Rule 12(b). Concerning the rule "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief [and] the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true." Nader v. Citron, 372 Mass. 96, 98, 360 N.E.2d 870 (1977), quoting from Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). That said, plaintiff is well aware that the Rule 12(b) standard "is not entirely a toothless tiger." Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16 (1st Cir. 1989). And plaintiff therefore, has attempted to formulate complaints that include sufficient detail to withstand initial dispositive motions, without sacrificing brevity to compromising deficiencies. With that understanding, a more recently amended complaint would be a more trialworthy complaint that would seek damages against defendant Beserosky. In sum, plaintiff realizes "Minimal requirements are not tantamount to nonexistent requirements. The threshold [for phrasing a claim] may be low, but it is real." Id. (quoting Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988)). Furthermore, he is well aware that the Rule 12(b) does not entitle himself to get by on "subjective characterizations" or conclusory descriptions of a "general scenario which could be dominated by unpleaded facts." Id. at 53; Dewey v. University of N.H., 694 F. 2d 1, 3 (1st Cir. 1982).

### Discussion

Regarding § 1983

This court stated in its memo (09/29/04, p.2) that a private attorney may not be considered a state actor. Plaintiff respectfully suggests for reasons set forth below, and in addition to Plaintiff's Response (11/03/2004) to the Court's Memorandum, that other examples may apply. Consequently, he believes this court's action dismissing this complaint was premature. Forte v. Sullivan, 935 F. 2d 1 (1991). Plaintiff *has* stated a claim upon which relief may be granted, where his rights were violated when defendant failed to do his job and in turn, along with those

2

violations stated in the related case (04-10271), violated unquestionable due process' of the Fourteenth Amendment.

Prevailing in an action brought under Section 1983, requires the plaintiff show that [he] was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States by a person acting under color of state law. However, this court stated in its memo (09/29/04, p.2) that since defendant Beserosky is not a state actor, he may not be sued under 42 U.S.C. § 1983 (this court citing *Polk County* at 312 (1981)). Plaintiff had attempted to refute this generally accepted principal by noting exceptions and that, *"Although a private individual may not typically be amenable to suit under § 1983, this defendant acted "under color of state law" as a willful participant in joint activity with the state and it's agents (referring to the judge and D.A.) (citing Howard v. Malac, 270 F. Supp. 2d 132 (2003)). Further by acting in a conspiracy with a government official, the defendant is also open to action under section 1983 even if this Court's final disposition is that the state or it's officials may seek relief in the form of immunity (citing Dennis v. Sparks 449 U.S. 24 (1980))."* (Plaintiff's Response 11/03/2004, p.2). Dennis goes onto say that, "A defendant does not have to be an officer of the state to act "under color of" state law for purposes of 42 USCS 1983, which provides for the liability of persons who, "under color of" state law, bring about a deprivation of federal rights, it being enough that the defendant is a willful participant in joint action with the state or its agents; private persons, jointly engaged with state officials in the challenged action, are acting "under color of" law for purposes of 1983 actions." Id.

With all due respect to this courts reasoning, plaintiff refers to the analysis used in Howard. .Id. "In general, the "state action" doctrine encompasses a number of tests for determining whether a non-governmental entity or official qualifies as a state actor for purposes of Section 1983…As such, the [court] must return to the general state action framework for determining when private actors can be sued under Section 1983 (referring to the public function doctrine, the "nexus" doctrine, the "symbiotic relationship" doctrine, and the "entwinement" doctrine) Howard, supra at 132 (2003). And if this court takes even some of the intendments in the Plaintiffs' favor, it seems to contest this courts conclusion in its memo. For these reasons redress for defendant's conduct should be available under 42 U.S.C. section 1983 in that the rights were violated under

3

color of state law. A private attorney who conspires with a state judge is within § 1983's purview. Casa Marie, Inc. v. Superior Court, 988 F.2d 252, 258-59 (1st Cir. 1993).

Regarding § 1985(3)

Plaintiff has also alleged conspiracy, and perhaps, with the court's discretion of a favorable response to this motion, he should more clearly state in an amended complaint that, defendants directly and explicitly conspired to deprive him of the equal protection, equal privileges and equal rights guaranteed to him under the Constitution and the laws of the United States, and in violation of 42 U.S.C. § 1985(3). Many sources exert a conspiracy claim requires competent evidence that "'some racial or perhaps otherwise class-based, invidiously discriminatory animus'" motivated the alleged conspirators. requoting Griffin v. Breckenridge, 403 U.S. 88, 102, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971). Where there are numerous citations to this effect, this court's memo stated that plaintiff's claim fails, because he did not allege animus or ill-will by defendants Bescrosky and Markey. However, in addition to reasons stated in the complaint and presented in his response to the court's order (09/29/04) (see Plaintiff's Response to Court Order and Memorandum (11/03/2004), p. 3, para 2), plaintiff has observed that another standard is interference accompanied by improper motive or improper means; and as such, the plaintiff need not prove both. Draghetti v. Chmielewski, 416 Mass. 808, 816 n.11, 626 N.E.2d 862 (1994). For purposes of this cause of action, "improper means" may consist of a violation of a statute or common law precept. See United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 551 N.E.2d 20, (1990). The plaintiff has alleged that the state court proceedings stifled any argument he presented constituting nothing more than a minority expression on his behalf while recognized as a breach of duty and law by defendants. The plaintiff thus was not additionally required to allege that the defendants acted with improper motives.

Plaintiff's amended complaint in the sister case states, "By taking an active part, by sanction and omission, and in continuing and procuring the continuation of criminal proceedings early on, defendants, and each of them, violated Restatement (second) Torts § 655, and are subject to the same liability for malicious prosecution as if they themselves had originally initiated, fostered, and maintained the unscrupulous proceedings." (case 04-10271, amended complaint, Second Cause para 2). Similarly, civil conspiracy is described where a person may be liable in tort if he

"knows that the *** conduct [of another person] constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." This type of conspiracy, unlike its predecessor, does not require proof of coercion (17A Mass. Practice, Prima Facie Case – Proof and Defense by Bishop, 2004 Pocket Part, Conspiracy, quoting Restatement (second) Torts § 876 (1979)), although in the instant related actions it also existed.

Two breeds of conspiracy have been defined in decisions as well. See Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1563-1564 (1st Cir. 1994). Coercion as an element, has been necessary only if there was no independent basis for imposing tort liability -- where the wrong was in the particular combination of the defendants rather than in the tortious nature of the underlying conduct. See, e.g., Neustadt v. Employers Liab. Assur. Corp., 303 Mass. 321, 325, 21 N.E.2d 538 (1939). However, civil conspiracy, reflected in the Restatement (Second) of Torts § 876 (1979), derives from "concerted action," whereby liability is imposed on an individual for the tort of another. Aetna Cas. Sur. Co., supra at 1564. See Gurney v. Tenney, 197 Mass. 457, 466, 84 N.E. 428 (1908); Kyte v. Philip Morris, Inc., 408 Mass. 162, 166, 556 N.E.2d 1025 (1990).

Under the broad sweep of rule 12(b), see Nader supra at 104, this kind of civil conspiracy, does not necessitate proof of coercion, and may also be considered as a basis for relief under the First Cause of the plaintiff's complaints. Because the sine qua non of a conspiracy, the agreement, is exceedingly difficult to prove directly (hence the term 'conspiracy'), it usually must be inferred from the circumstances. Earle v. Benoit, 850 F.2d 836, 843 (1st Cir. 1988). And when viewed in the light most favorable to, even the unamended pleadings, plaintiff believes the evidence is reasonable for a jury to infer a conspiracy and therefore, this court's dismissal was inappropriate.

Finally, and in addition to the argument presented above, plaintiff has even attempted to underscore this by proffering an argument that follows the facts. It includes;
  the proceedings commenced where there was no jurisdiction (see argument below); the complaint had been presented in the state court against plaintiff, despite arguments and evidence collected at the scene proving his innocence; the conspired agreements between defendants permitted the case to remain open for more than a year; and finally, it could only

5

have occurred as a result of a willful agreement by the defendants named in this and the other related complaints, and referring to the state action where plaintiff finally prevailed.

I   IF THERE WAS NO PROBABLE CAUSE, PROCEEDINGS WERE UNLAWFUL

Plaintiff alleges that defendant Beserosky is subject to liability for his acts and omissions because he failed to do his job and thereby permitted New Bedford District Court and Justice Markey (described in the related civil action) to proceed and continue in the clear absence of all jurisdiction. As stated in plaintiff's recent Motion for Summary Judgment and supporting memorandum in the related case (see case 04-10270), where the facts show that there was no probable cause for the false arrest, none of the subsequent actions, including the state court hearings and creation of court files should have occurred. The validity of an arrest and the initiation of criminal proceedings ultimately depend on the presence of "probable cause" defined as a reasonable ground for suspicion, supported by circumstances sufficiently strong in them to warrant a belief on the part of a cautious or prudent person, that a particular person is guilty of an offense.[1] There was no probable cause and the arrest was unlawful. Where the underlying basis for plaintiff's presence was unsupported, the lack of probable cause meant the subsequent proceedings, in state court were unlawful and an absence of jurisdiction existed.

II*  ABSENCE OF JURISDICITON SHOULD HAVE TERMINATED PROCEEDINGS

In addition to, and referencing Plaintiff's Response to Court Order and Memorandum, (docket item 8, 11/03/04), a necessary inquiry in determining whether Beserosky acted under color of state law is whether he acted in conjunction with state actors. Again, where the state court had no jurisdiction and the proceedings should have ceased, they could have continued only as a result of the willful participation by each of the defendants named in these related complaints. Defendant Beserosky ignored material facts that plaintiff had brought to his attention. He then acted without regard to plaintiff's specific instructions, and reached an overt agreement with the other defendants who were state actors. In so doing, he allowed and enhanced the court proceedings and the court's ensuing orders to go forward thereby acting under color of state law. As with the other defendants, Beserosky is subject to criminal liability under 18 USCS 242, the criminal analog of 1983.

As such plaintiff argues that the evidence, when viewed in the light most favorable to him, is sufficient for a reasonable jury to infer that a conspiracy occurred, and to the extent the claim was brought regarding conspiracy, the dismissal of the case at this juncture was inappropriate.

For the reasons discussed above, plaintiff prays the court will reconsider its ruling concerning the dismissal of this case. As it is related to the other cases and the events occurred as a result of events originating from the same nucleus of facts, the discovery phase of this case is anticipated to play an integral part in providing evidence of a genuine nature for each of the related cases.

Respectfully submitted,

May 9, 2005
Date

---

[1] 5 Am Jur 2d, section 44; and 52 Am Jur 2d, section 51, Malicious Prosecution

7